**Zakaria Adam Mokhaiar KHAMIES, Petitioner,**

v.

**Alberto R. GONZALES,[1] U.S. Department of Justice, U.S. Department of Homeland Security, Respondent.**

No. 04–5171–ag.

United States Court of Appeals, Second Circuit.

July 20, 2007.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Sandra P. Nichols, New York, NY, for Petitioner.

Paul I. Perez, United States Attorney; Karin B. Hoppmann, Judy K. Hunt, Assis-

tant United States Attorneys, Tampa, FL, for Respondent.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. B.D. PARKER and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Petitioner Zakaria Adam Mokhaiar Khamies, a native and citizen of the Sudan, seeks review of a September 1, 2004, order of the BIA affirming the May 27, 2003, decision of Immigration Judge ("IJ") Elizabeth A. Lamb denying Khamies' applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *See In re Khamies,* No. A. 94 216 322 (B.I.A. Sept. 1, 2004), *aff'g* No. A. 94 216 322 (Immig. Ct. N.Y. City May 27, 2003). We assume the parties' familiarity with the facts, procedural history, and specification of issues on review.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, upholding them if they are supported by "reasonable, substantial, and probative evidence in the record when considered as a whole." *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003) (internal quotation marks omitted). We will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004).

■ We find that the IJ's adverse credibility determination is not supported by substantial evidence. The IJ erroneously rested her adverse credibility finding on an alleged discrepancy between Khamies'

testimony and his I–589 form because Khamies did not specifically state he gave "informal speeches" during his time with the Democratic Unionist Party ("DUP") as he stated in his I–589 form. This conclusion is based on a misstatement of the record. During the hearing, Khamies was asked what his activities were when he *first* joined the party, to which he did not mention the informal speeches. But, when the IJ asked Khamies if he had done anything else for the party, he testified that he "discussed the problems the country was going through and ways to solve them." Furthermore, many of the alleged inconsistencies relied on by the IJ are not material to the heart of Khamies' claim. Khamies seeks asylum because he was beaten and imprisoned for his membership in the DUP. Thus, the alleged inconsistencies involving the date of his father's arrest and Khamies' conscription into the military are not proper bases for an adverse credibility finding. *See Secaida–Rosales,* 331 F.3d at 308 (holding that minor inconsistencies that did not involve the heart of the applicant's claim were insufficient to support adverse credibility finding).

■ The IJ further erred in discounting Khamies' testimony because he had only attended three DUP meetings since coming to the United States. Khamies did not state that pursuing his political career in the DUP was the main reason for leaving the Sudan and coming to the United States. Rather, the primary reason he left Sudan was to flee persecution. In finding that Khamies' statement that he wanted to "further his career" in the DUP was not "genuine" because he only attended three meetings, the IJ erroneously speculated about Khamies' intentions with regard to his DUP participation and the nature of his work schedule since his arrival in the United States. *See id.* at 307. The IJ

further speculated in stating that it was more likely that Khamies' father left for "economic reasons." Not only is this unsupported by the record, but it is also immaterial to Khamies' claim that he was beaten and imprisoned for his political activities.

In addition, to the extent that the IJ found that Khamies' failure to meet his burden of proof rested on the absence of corroborating evidence, including an affidavit from his father, the IJ was required to request this document from Khamies, or to ask him why he did not provide this evidence. *See Cao He Lin,* 428 F.3d at 394–95; *Ming Shi Xue v. BIA,* 439 F.3d 111, 122 (2d Cir.2006). Furthermore, while Khamies did not provide corroboration regarding his conscription into the PDF, his father's injuries, and his inability to seek asylum in Saudi Arabia, these factors have no bearing on his claim that he was detained, interrogated, and beaten due to his involvement in the DUP.

Finally, the IJ erred in discounting Khamies' fear because certain of his family members remain in the Sudan. *See Uwais v. U.S. Atty. Gen.,* 478 F.3d 513, 519 (2d Cir.2007) ("[T]he fact that a family member who has also been threatened chooses to remain in the home country or not to apply for asylum should generally not be used to impugn an applicant's claim: an individual's decision 'whether to leave one's friends, family, and country forever ... to seek asylum is a process that ... is personal, inscrutable, and dynamic,' and not easily compared.") (quoting *Pavlova v. INS,* 441 F.3d 82, 89 (2d Cir.2006)).

In light of the number of errors in the IJ's analysis, we find that remand is warranted. Accordingly, the petition for review is GRANTED, the BIA order is VACATED, and the matter is REMANDED for further proceedings consistent with this order.